IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI,<br><br>    Plaintiff,<br><br>v.<br><br>KRIS HAUSER,<br><br>    Defendants. | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:17-cv-00447**<br><br>**Judge Dee Benson**<br><br>**Magistrate Judge Dustin B. Pead** |

  Plaintiff Guy M. Domai (Plaintiff or Mr. Domai) brings this action against Kris Hauser (Defendant or Hauser) in his capacity as the Senior Vice President at American Express. Mr. Domai is proceeding *pro se* and *in forma pauperis*.[1] When a plaintiff proceeds *in forma pauperis* the court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i-ii). However, "[d]ismissal of a pro se complaint for failure to state a claim is only proper where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

  In reviewing the sufficiency of a complaint, the court must presume that "all plaintiff's

---

[1] This case is currently before the undersigned pursuant to a 28 U.S.C. §636(b)(1)(B) referral from District Court Judge Dee Benson. (ECF No. 4.)

factual allegations are true and construe[ ] them in the light most favorable to the plaintiff." *Hall v. Bellmon* 935 F.2d 1106, 1009 (10th Cir. 1991). Because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys. *Id.* at 1110. That said, a "broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

In his complaint, Mr. Domai asserts he was employed by American Express from September 2008 to May 2011. On May 20, 2011 Plaintiff claims he was terminated while in the process of filing a Family Medical Leave Act (FMLA) claim. (ECF No. 3.) Mr. Domai brings a claim against Hauser for unlawful termination under FMLA and seeks $1 million dollars in lost wages and benefits, attorney fees totaling $350,000 and liquidated damages totaling $100,000.00. (*Id.*)

Actions for violations of the FMLA "may be brought . . . no later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. §2617(c)(2). In the case of a "willful violation," the statute of limitations period is three years. *Id.* at §2617(c)(2).

Here, Mr. Domai alleges that he stopped working for American Express on May 20, 2011. Thus, May 20, 2011, is the last date on which the statute of limitations for Plaintiff's claim could begin to run. Mr. Domai, however, did not file his complaint until May 22, 2017, well

2

beyond the two, or even three, year statute of limitations period. Accordingly, Mr. Domai's complaint is time-barred and no amendment can cure this defect.[2]

## RECOMMENDATION

Accordingly, as set forth above, the Court RECOMMENDS that Mr. Domai's action be dismissed with prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

SO ORDERED this 3rd day of November, 2017.

BY THE COURT

_____
Dustin B. Pead, U.S. Magistrate Judge

---

[2] The Court also recognizes claim preclusion as an alternative basis for dismissal of Mr. Domai's action. "Under claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014) (quotation marks omitted). "Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

Here, Plaintiff has brought similar claims in this court against American Express and its employees in approximately nine other cases. *See generally, Domai v. American Express* (2:13-cv-567-TS); *Domai v. American Express* (2:15-cv-00542-CW); *Domai v. Cheneault* (2:17-cv-445-BSJ); *Domai v. Tuttle* (2:17-cv-446-TC); *Domai v. Pech* (2:17-cv-448-TS); *Domai v. Shane*, (2:17-cv-449-TS); *Domai v. American Express* (2:17-cv-00460-DB); *Domai v. Lepire* (2:17-cv-461-DN-BCW); and *Domai v. Parker* (2:17-cv-462). In *Domai v. American Express*, 2:15-cv-542-CW, Mr. Domai named Mr. Hauser as a Defendant. In that case, Mr. Domai's claims were dismissed on statute of limitations grounds. (ECF No. 24, ECF No. 29.) That dismissal operates as a final judgment on the merits. Further, the identity of the parties is the same in both suits and the cause of action---violation of FMLA---is the same. Therefore, Mr. Domai's action is barred under the doctrine of claim preclusion and must be dismissed with prejudice.