IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI,<br><br>Plaintiff,<br><br>vs.<br><br>KRIS HAUSER,<br><br>Defendant. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br><br><br>Case No. 2:17-CV-447<br><br>Judge Dee Benson |

Before the court is the Report and Recommendation issued by United States Magistrate Judge Dustin B. Pead, on November 3, 2017, recommending that this Court dismiss Plaintiff's action with prejudice.

The parties were notified of their right to file objections to the Report and Recommendation within fourteen (14) days after being served with a copy. On November 17, 2017, the Plaintiff filed his "Objection to Honorable Justice Pead Report and Recommendations." (Dkt. No. 11.)

Having reviewed all relevant materials, including Plaintiff's *pro se* objection, the record that was before the magistrate judge, and the reasoning set forth in the magistrate judge's Report and Recommendation, the Court agrees with the analysis and conclusion of the magistrate judge.

Contrary to the argument presented in Plaintiff's Objection, Magistrate Judge Pead's recommendation of dismissal was not based on claim preclusion. Rather, Magistrate Judge Pead concluded that Plaintiff's Complaint, based on alleged violation of the Family and Medical Leave Act (FMLA), was filed well-beyond the statute of limitations. (Dkt. No. 10 at 3.) The Magistrate Judge explained that "[a]ctions for violations of the FMLA 'may be brought . . . no later than 2 years after the date of the last event constituting the alleged violation for which the action is brought.' In the case of a 'wilful violation,' the statute of limitations period is three years." (*Id.* at 2, citing 29 U.S.C. § 2617 (c)(2).) The Magistrate Judge noted that the Plaintiff's Complaint alleges that he stopped working for American Express on May 20, 2011. "Thus, May 20, 2011, is the last date on which the statute of limitations for Plaintiff's claim could begin to run. [Plaintiff], however, did not file his complaint until May 22, 2017, well beyond the two, or even three, year statute of limitations period." (*Id.* at 3.)

Given the applicable law and the facts alleged in Plaintiff's Complaint, the Magistrate Judge concluded, and the Court agrees, that Plaintiff's Complaint is time-barred and no amendment can cure this defect.

Accordingly, the Court hereby ADOPTS the Report and Recommendation and Plaintiff's Complaint is DISMISSED with prejudice.

DATED this 4th day of December, 2017.

_____
Dee Benson
United States District Judge